THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:98-CR-00037-F-4
No. 5:13-CV-704-F

| | |
|---|---|
| LARRY EARL DYE, ) | |
| ) | |
| Petitioner, ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on the motion of Larry Earl Dye ("Petitioner") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-862, -867] and the Government's motion to dismiss [DE-869]. Petitioner filed a response in opposition to the Government's motion. [DE-878]. These motions were referred to the undersigned and are considered here as a recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that the Government's motion be allowed and Petitioner's motion be denied.

## I. BACKGROUND

On August 3, 1998, Petitioner pleaded guilty pursuant to a written plea agreement to conspiracy to distribute and possess with the intent to distribute cocaine base (crack), cocaine, heroin, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On December 7, 1998, Petitioner was sentenced to 360 months' imprisonment, and judgment was entered on December 18, 1998. [DE-350]. On January 24, 2000, on motion of the Government, Petitioner's sentence was reduced to 270 months' imprisonment, and amended judgment was entered on February 29, 2000. [DE-488]. Petitioner did not appeal his conviction or sentence. On October 7, 2013, Petitioner filed

the instant motion to vacate [DE-862], which was refiled on the proper form on October 24, 2013 [DE-870].

## II. LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion or waiver of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). Where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* (internal quotation marks and citations omitted). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, No. 7:05-CR-00097-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (unpublished) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

2

## B. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (internal quotation marks omitted)). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## III. DISCUSSION

Petitioner contends that the court improperly increased his mandatory minimum custodial

3

sentence from 10 years to 30 years based on facts not found by the jury in violation of *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013), which held that any fact increasing the statutory mandatory minimum is an element of the offense and must be submitted to the jury and found beyond a reasonable doubt. [DE-862] at 1; [DE-867] at 4. Petitioner takes issue with the court's drug quantity and offense level calculations—specifically, that Petitioner distributed at least 23,695 grams of cocaine base, 844 grams of cocaine, 421 grams of heroin, and 454 grams of marijuana, which converts to approximately 474.489.8 marijuana equivalency kilograms, resulting in a base offense level of 38; a two-level increase pursuant to Sentencing Guideline § 2D1.1(b)(1) for possessing firearms during drug transactions in the course of the conspiracy; and a two-level increase pursuant to Sentencing Guideline § 2D1.1(b)(3) for supplying narcotics to inmates at a correctional facility as the object of the offense, resulting in a total offense level of 42. [DE-862] at 1; Presentence Investigation Report ("PSR") ¶¶ 120-29. Thus, while Petitioner's statutory range was 10 years to life pursuant to 21 U.S.C. § 841(b)(1)(A), his Sentencing Guidelines range was 360 months to life. PSR ¶¶ 131-132. The Government contends that Petitioner's motion must be dismissed as untimely filed or, alternatively, lacks merit. Gov't's Mem. [DE-870] at 2-8. In response to the Government's motion, Petitioner argues that his motion is timely because it was filed within one year of the ruling in *Alleyne* and that his claims are meritorious. Pet'r's Resp. [DE-878] at 1-2.

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

4

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's § 2255 motion was not filed within one year of any of the circumstances set forth in § 2255(f). First, Petitioner filed his § 2255 motion on October 7, 2013, more than thirteen years after his judgment became final. [DE-350, -862]. Consequently, his motion is not timely under 28 U.S.C. § 2255(f)(1). Second, there is no allegation that the government impeded Petitioner's ability to timely file his § 2255 motion, and, thus his motion is not timely under 28 U.S.C. § 2255(f)(2). Third, Petitioner's motion is not based upon a newly recognized right made retroactively applicable by the Supreme Court. *See* 18 U.S.C. § 2255(f)(3). To the extent Petitioner relies on the Supreme Court's decision in *Alleyne* to satisfy § 2255(f)(3), such argument fails because this decision has not been made retroactively applicable to cases on collateral review. *See, e.g., United States v. Stewart*, 540 F. App'x 171, 172 n.\* (4th Cir. Sept. 24, 2013) (unpublished) (per curiam) (noting that "*Alleyne* has not been made retroactively applicable to cases on collateral review"); *Bey v. Hollenback*, No. 5:14-HC-2016-FL, 2015 WL 859575, at \*3 (E.D.N.C. Feb. 27, 2015) (unpublished) ("The Supreme Court's rulings in *Apprendi*, *Alleyne*, and *Rosemond* are not retroactively applicable to cases on collateral review."). Fourth, Petitioner has asserted no newly discovered facts upon which he might proceed under § 2255(f)(4). For purposes of § 2255(f)(4), "facts" may include court rulings, such

as a finding that the petitioner is not guilty of an offense. *See Johnson v. United States*, 544 U.S. 295 (2005) (holding that vacatur of petitioner's state conviction was a "fact" supporting his § 2255 challenge for purposes of § 2255(f)(4)). However, a legal decision that does not affect the validity of the petitioner's own underlying conviction is not a "new fact" for purposes of triggering § 2255(f)(4). *Walton v. United States*, No. 2:07-CR-017-F, 2013 WL 1309277 (E.D.N.C. Mar. 28, 2013) (unpublished) (citations omitted). Finally, Petitioner has asserted no exceptional circumstances justifying equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (defining "extraordinary circumstances" as (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time).

Alternatively, Petitioner's *Alleyne* claim fails on the merits. It is well-settled that *Alleyne* only prohibits fact finding by the court that increases the statutory mandatory minimum, not the defendant's advisory Sentencing Guidelines range. *See United States v. Benn*, 572 F. App'x 167, 179 (4th Cir. 2014) (per curiam) (unpublished) (rejecting *Alleyne*-based challenge to calculation of drug quantities to calculate Guidelines range when quantities do not affect the mandatory minimum). Likewise, the resulting offense-level increases pursuant to Sentencing Guidelines §§ 2D1.1(b)(1) and 2D1.1(b)(3) did not violate *Alleyne* where they did not increase Petitioner's statutory mandatory minimum. *See United States v. Hinojosa*, 749 F.3d 407, 413 (5th Cir. 2014) ("Guideline ranges based on relevant conduct and other factors will often extend far above a statutory minimum. As a matter of simple logic, those ranges may even exceed a higher statutory minimum applicable to a related offense. When that is the case, nothing in *Alleyne*, *Apprendi*, *Booker* or other authority provides that the discretionary range of the Guidelines triggers a statutory minimum higher than the one applicable to the count of conviction or the requirement of jury fact-finding."); *United States v.*

*Garcia*, 540 F. App'x 164, 166 (4th Cir. 2013) (unpublished) (per curiam) (finding no meritorious issue for appeal in the argument that the two-level enhancement for possession of a firearm under § 2D1.1(b)(1) should not have applied in light of *Alleyne*).

Accordingly, because Petitioner's claim is untimely and equitable tolling is inapplicable, and, alternatively, because his claim lacks merit, it is recommended that Petitioner's § 2255 motion be dismissed.

## IV. CONCLUSION

Based on the foregoing, it is RECOMMENDED that the Government's motion to dismiss [DE-869] be ALLOWED and Petitioner's § 2255 motion [DE-862, -867] be DENIED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **November 20, 2015** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b). Any response to objections shall be filed by within **14 days** of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation**

7

Case 5:98-cr-00037-F Document 923 Filed 11/03/15 Page 7 of 8

without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

SUBMITTED, this the 3 day of November 2015.

Robert B. Jones, Jr.
United States Magistrate Judge